## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| ANTAR T. ROWE,<br><br>             Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>             Defendant. | Case No. 2:24-cv-00554<br><br>Hon. Judge<br><br>_____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Defendant") hereby removes this action from the Common Pleas Court of Franklin County, Ohio, where it is currently pending as Case No. 24 CV 000527, to the United States District Court for the Southern District of Ohio, Eastern Division. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has subject matter jurisdiction over this action and all claims asserted therein pursuant to 28 U.S.C. § 1332(a).

**I.      Background.**

1.      On January 22, 2024, Plaintiff Antar T. Rowe ("Plaintiff") filed a pro se Complaint against Defendant in the Common Pleas Court of Franklin County, Ohio, Case No. 24 CV 000527 (the "State Court Action").

2.      **Exhibit A** includes all process papers and pleadings served on Defendant in the State Court Action as of the date of this filing.

3.      By way of background, Defendant is Plaintiff's former employer. (Compl. ¶5). This is Plaintiff's third complaint against Defendant related to the same factual allegations and alleged conduct by Defendant. The first and second complaints were consolidated and both were dismissed by the Honorable Judge Edmund A. Sargus of the Southern District of Ohio Court, Eastern

Division (Case No. 2:23-cv-01704) because Plaintiff and Defendant have a binding arbitration agreement which governs any claims Plaintiff may have against Defendant related to his employment, including those claims that Plaintiff brought forward in the two previous complaints and this instant action.

4.      In the current State Court Action, Plaintiff asserted the following claims against Defendant: (1) Fraud in Factum; (2) Fraudulent Inducement; (3) Undue Influence; (4) Unconscionable Contract; and (5) Unconstitutional Contract (per Article I, §§ 5 and 16 of the Ohio Constitution).

**II.      Basis for Removal.**

5.      On January 29, 2024, Defendant was served with a copy of the Summons and Complaint in the State Court Action. (*See* **Exhibit A**).

6.      This removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filling this Notice within thirty (30) days of Defendant's receipt of a copy of the Summons and Complaint in the State Court Action.

7.      The State Court Action was filed in the Common Pleas Court of Franklin County, Ohio (Case No. 24 CV 000527). The Southern District of Ohio, Eastern Division embraces actions brought in Franklin County, Ohio. Therefore, this Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Further, this Court is the proper district court to which this case should be removed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

8.      28 U.S.C. § 1332(a)(1) provides that a district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As discussed below, the requirements under 28 U.S.C. § 1332 are satisfied here.

9.      Defendant expressly reserves all of its rights, including but not limited to, its right to file motions challenging the pleadings. In fact, Defendant intends to move this Court to dismiss this matter pursuant to Federal Rule 12(b)(6) because the Honorable Judge Sargus has already ruled that the parties' arbitration agreement is enforceable against claims asserted by Plaintiff related to his prior employment with Defendant and since Plaintiff's pending complaint also directly relates to his prior employment with Defendant, he is collaterally estopped by law from bringing this action forward. However, for purposes of meeting the jurisdictional requirements for removal only, Defendant submits on a good-faith basis that the allegations in the Complaint meet the diversity requirement, and amount in controversy requirement, an amount that exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

**III.     Removal is Proper Because the Parties are Citizens of Different States.**

10.     Plaintiff is a citizen of Ohio according to the address provided on the Complaint (1410 Brookforest Drive, Columbus, Ohio 43204) and based on Defendant's knowledge.

11.     Defendant is a corporation headquartered in the state of New York and incorporated in the state of Delaware.

12.     Because Plaintiff is a citizen of Ohio and Defendant is a citizen of New York or Delaware for purposes of jurisdiction, diversity of citizenship is established pursuant to 28 U.S.C. § 1332(a)(1).

**V.     Removal is Proper Because the Amount in Controversy Exceeds $75,000.**

13.     With respect to diversity citizenship, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold ... does not prevent removal." *Cowit v. CitiMortgage, Inc.*, No. 1:12-CV-869, 2013 WL 142893, at *5 (S.D. Ohio Jan. 11, 2013) (internal citations and citation marks omitted).

3

14.     Defendant denies that Plaintiff's claims have any merit or that Plaintiff has suffered any harm or damages. For purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every single claim and allegation in the Complaint, the requested monetary recovery by Plaintiff would exceed $75,000.

15.     Because Plaintiff's allegations place more than the requisite $75,000 in controversy, the jurisdictional amount in controversy requirement is met and removal to this Court is proper pursuant to 28 U.S.C. §1332(a), §1441, and §1446.

## VI.     Conclusion.

16.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

a.   This is a civil action within the meaning of 28 U.S.C. §1332(a);

b.   Plaintiff is a citizen of a state different from Defendant as required by 28 U.S.C. § 1332(a)(1); and

c.   The amount in controversy exceeds $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. §1332(a), §1441, and §1446.

WHEREFORE, Defendant prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Common Pleas Court of Franklin County, Ohio, shall affect removal of said suit to this Court.

*[Signature on following page]*

Dated: February 9, 2024

Respectfully submitted,

s/ *Catherine L. Strauss*
Catherine L. Strauss (0072980)
Masallay N. Komrabai-Kanu (0098879)
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, Ohio 43215-7509
Telephone: (614) 462-1069
Facsimile: (614) 224-3507
Catherine.Strauss@icemiller.com
Masallay.Kanu@icemiller.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2024, a true and correct copy of the foregoing was served via electronic mail to the following:

Antar T. Rowe
1410 Brookforest Drive
Columbus, Ohio 43204
E: antar.rowe@icloud.com

*Pro Se Plaintiff*

s/ *Catherine L. Strauss*
Catherine L. Strauss (0072980)

*Attorney for Defendant JPMorgan Chase Bank, N.A.*

6

4873-0326-8744