UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTAR T. ROWE,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

Case No. 2:24-cv-554
JUDGE EDMUND A. SARGUS
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Antar T. Rowe's Motion for Preliminary Injunction (ECF No. 3), Motion to Remand (ECF No. 4), and Motion to Certify Question of State Law to the Ohio Supreme Court (ECF No. 7). Defendant JPMorgan Chase Bank, N.A. does not oppose the Motion to Remand. (ECF No. 9.)

For the reasons below, the Court sua sponte **STAYS** this case. Since the case is stayed, Mr. Rowe's Motion for Preliminary Injunction (ECF No. 3), Motion to Remand (ECF No. 4), and Motion to Certify Question of State Law (ECF No. 7) are **HELD IN ABEYANCE** until the stay is lifted.

**BACKGROUND**

**I.    Prior Related Cases (Case Nos. 2:23-cv-1704 and 2:23-cv-3703)**

This case is Mr. Rowe's third lawsuit filed against his former employer JPMorgan. In Mr. Rowe's first Complaint, he alleged that his Seventh Amendment right to a trial by jury was violated when JPMorgan forced him to sign an arbitration agreement. ("First Action," Case No. 2:23-cv-1704, ECF No. 3, ¶¶ 12, 14–18.) Mr. Rowe claims to have witnessed criminal activities including "currency manipulation" and "data fabrication," and other misconduct during his employment with

1

JPMorgan. (*Id.* ¶ 6–9.) Mr. Rowe also brings claims of discrimination and harassment. (*Id.* ¶ 14.) JPMorgan removed the First Action to this Court. (*Id.*, ECF No. 2, PageID 35–37.)

Mr. Rowe's Complaint in the Second Action mirrors his Complaint in the First Action, but raises other tort claims of conspiracy, assault, negligence, and trespass to chattels. ("Second Action," Case No. 2:23-cv-3703, ECF No. 2.) JPMorgan again removed the Second Action to this Court. (*Id.*, ECF No. 1.) Both Actions shared common questions of law and fact. Accordingly, the Court ordered that the First and Second Actions be consolidated. (*Id.*, ECF No. 10; First Action, ECF No. 28.)

JPMorgan moved to compel arbitration based on the arbitration agreement signed by Mr. Rowe during his employment with JPMorgan. (First Action, ECF No. 5, PageID 63; Second Action, ECF No. 5, PageID 393, 396.) This Court granted that motion, ordered the parties to proceed to arbitration, and dismissed both cases without prejudice. (First Action, ECF No. 29.) Mr. Rowe then appealed the Court's Order. (*Id.*, ECF No. 31; *Antar Rowe v. JPMorgan Chase & Co.*, Sixth Circuit Case No. 24-3018.) Before he received a decision on appeal, Mr. Rowe filed this action against JPMorgan.

II.     **This Case (Case No. 2:24-cv-0554)**

Mr. Rowe filed this *pro se* Complaint against JPMorgan in the Franklin County Court of Common Pleas on January 22, 2024. (Not. of Removal, ECF No. 1.) His Complaint asserts the following state law claims against JPMorgan: (1) "fraud in the factum," (2) "fraudulent inducement," (3) "undue influence," (4) "unconscionable contract," and (5) "unconstitutional contract." (Compl., ECF No. 1-1.) Mr. Rowe also moved for a preliminary injunction in state court. (ECF No. 3.)

2

JPMorgan removed the case to this Court on February 9, 2024, on the basis of diversity jurisdiction. (Not. of Removal.) JPMorgan represented to the Court that removal was proper because Mr. Rowe is a citizen of Ohio, and JPMorgan is a corporation headquartered in New York and incorporated in Delaware. (*Id.* PageID 3.) Further, even though JPMorgan denied that Mr. Rowe's claims have merit, it stated that for the purposes of jurisdiction, Mr. Rowe's requested monetary recovery would exceed the jurisdictional requirement of $75,000. (*Id.* PageID 4.)

But a few days later, JPMorgan changed its position. In its response to Mr. Rowe's Motion to Remand (ECF No. 4), which was filed the same day the case was removed, JPMorgan stated that "[u]pon further investigation and review, [JPMorgan] consents to [Mr. Rowe's] request to remand this matter to the Franklin County [Court of] Common Pleas." (ECF No. 9, PageID 272.)[1]

After moving to remand, Mr. Rowe also moved the Court to certify a question of state law to the Ohio Supreme Court. (ECF No. 7.) He asks that this Court certify the following question: "[i]s a contract that enjoins, restricts, contravenes, oppresses, or otherwise infringes on rights protected by Article I § 1 – 22 of the States [sic] Constitution and Bill of Rights void *ab initio*?" (*Id.* PageID 266.)

---

[1] The Court notes that while JPMorgan does not oppose Mr. Rowe's Motion to Remand (ECF No. 9), the fact that "the parties have consented to remand, standing alone, is not enough to grant [a motion to remand]; remand must be proper under [28 U.S.C.] § 1447(c)." *Howell v. Fastbuy, Inc.*, No. 2:22-cv-2377, 2023 U.S. Dist. LEXIS 28965, at *3 (S.D. Ohio Feb. 21, 2023) (denying motion to remand where the parties agreed to remand but did not show remand was proper). JPMorgan's consent to remand is also inconsistent with its prior representations to this Court that removal was proper in the consolidated actions. (*See* First Action, ECF No. 1, PageID 3; Second Action, ECF No. 1, PageID 3.) JPMorgan asserts in its Notice of Removal that Mr. Rowe's allegations here are "related to the same factual allegations and alleged conduct" as the earlier cases, such that they may be vulnerable to dismissal based on "collateral estoppel." (Not. of Removal, PageID 1.) If the allegations are the same and the parties are the same, and there was no defect to suggest this Court lacked jurisdiction in the previous cases, then the Court is left without an explanation for how it lacks jurisdiction here based on the record currently before the Court.

3

After a review of the pending motions, and the procedural posture of the consolidated actions, the Court finds that the most prudent path is to stay this case pending a decision from the Sixth Circuit in the consolidated actions. (*See Antar Rowe v. JPMorgan Chase & Co.*, Sixth Circuit Case No. 24-3018.)

## LAW AND ANALYSIS

A federal court's power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Latta v. United States Dep't of Educ.*, 653 F. Supp. 3d 435, 439 (S.D. Ohio 2023) (Watson, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and *Clinton v. Jones*, 520 U.S. 681 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This includes the power to sua sponte stay the district court proceedings. *Latta*, 653 F. Supp. 3d at 439 (citing *Collins on Behalf of Collins v. Barry*, 841 F.2d 1297, 1299 (6th Cir. 1988) (sua sponte staying appellate proceedings); *Bridging Cmtys., Inc. v. Top Flite Fin., Inc.*, No. 09-14971, 2013 U.S. Dist. LEXIS 6892 (E.D. Mich. Jan. 17, 2013) (acknowledging a sua sponte stay of district court proceedings).

The four factors the Court must consider in assessing whether to stay a case are: (1) "the potentiality of another case having a dispositive effect on the case to be stayed," (2) "the judicial economy to be saved by waiting on a dispositive decision," (3) "the public welfare," and (4) the "hardship/prejudice to the party opposing the stay, given its duration." *Latta*, 653 F. Supp. at 439 (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

As to the first factor, Mr. Rowe's appeal in the consolidated actions has the potential to be dispositive of this case. In the consolidated actions, Mr. Rowe challenged the constitutionality and validity of his employment contract that contained an arbitration agreement. (*See* Second Action,

4

ECF No. 11, PageID 531–33.) In this case he also challenges the constitutionality of his employment contract and argues that the arbitration agreement violates his right to a jury trial. (*E.g.*, Compl., ECF No. 1-1, ¶ 3.) Because the merits issues Mr. Rowe raises here are substantially similar to the merits issues raised in the consolidated actions, the Sixth Circuit's decision on his appeal will have a dispositive effect on his claims here. Accordingly, the first factor favors a stay.

The interest of judicial economy also favors a stay. This action is Mr. Rowe's third action brought before this Court. (First Action, Case No. 2:23-cv-1704; Second Action, Case No. 2:23-cv-3703.) After consolidating the two prior actions, this Court granted JPMorgan's motion to compel arbitration, ordered the parties to proceed to arbitration, and dismissed both cases without prejudice. (First Action, ECF No. 29.) Mr. Rowe then appealed the Court's Order. (*Id.*, ECF No. 31; Sixth Circuit Case No. 24-3018.) Before he received a decision on appeal, Mr. Rowe filed this action against JPMorgan.

Allowing two parallel and duplicative cases to proceed does not support the interests of judicial economy. "[I]t would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with the precedent the Sixth Circuit creates shortly thereafter." *Monaghan v. Sebelius*, No. 12-15488, 2013 U.S. Dist. LEXIS 89585, at *4 (E.D. Mich. June 26, 2013) (staying a case pending appeal "promotes judicial economy and efficiency" where cases on appeal involved "substantially similar" issues and would "likely provide guidance in the Court's decision in this case and the narrow the issues the Court must resolve."). Staying this case to await binding guidance from the Sixth Circuit's resolution of Mr. Rowe's appeal will allow this Court to avoid expending unnecessary judicial resources on duplicative issues.

5

Case: 2:24-cv-00554-EAS-EPD Doc #: 12 Filed: 09/27/24 Page: 6 of 6 PAGEID #: 283

Consideration of the final two factors also supports a stay because both the public at large and the parties will benefit from a stay. Without a stay, the parties will engage in duplicative and likely costly litigation in multiple forums. Controlling litigation expenses and conserving judicial resources "serves not only the parties and the Court, but also the public as a whole." *Fluker v. Trans Union, LLC*, No. 1:22-cv-12240, 2023 U.S. Dist. LEXIS 15209, at *6 (E.D. Mich. Jan. 30, 2023) (internal quotations omitted). The Court, therefore, will await the binding guidance of the Sixth Circuit's resolution of Mr. Rowe's appeal in the consolidated actions. (*See Antar Rowe v. JPMorgan Chase & Co.*, Sixth Circuit Case No. 24-3018.)

## CONCLUSION

Because each of the four factors above supports staying this case, the case is **STAYED** until the Sixth Circuit issues its decision on Mr. Rowe's appeal. (*See Antar Rowe v. JPMorgan Chase & Co.*, Sixth Circuit Case No. 24-3018.) Because the Court has issued a stay, the Court declines to consider Mr. Rowe's Motion for Remand (ECF No. 4), Motion for Preliminary Injunction (ECF No. 3), or Motion to Certify Question of State Law (ECF No. 7) at this time. The above motions are **HELD IN ABEYANCE** and the Court will reactivate the pending motions once the stay is lifted. The parties shall file a notice on the docket informing the Court when the Sixth Circuit issues a decision in the consolidated actions.

This case is to remain open.

**IT IS SO ORDERED.**

**9/27/2024**                                             **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**

6