UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTAR TARIQ ROWE,

        Plaintiff,

        v.                                Case Number 2:24-cv-554
                                            JUDGE EDMUND A. SARGUS, JR.
JPMORGAN CHASE BANK, N.A.,        Magistrate Judge S. Courter M. Shimeall

        Defendant.

## OPINION AND ORDER

This matter is before the Court on three Motions filed by *pro se* Plaintiff Antar Tariq Rowe: his Motion for Preliminary Injunction (ECF No. 3), Motion to Remand to State Court (ECF No. 4), and Motion to Certify Question of State Law (ECF No. 7). For the reasons below, the Court **GRANTS** Mr. Rowe's Motion to Remand to State Court (ECF No. 4), **DENIES AS MOOT** Mr. Rowe's Motion for Preliminary Injunction (ECF No. 3), and **DENIES AS MOOT** Mr. Rowe's Motion to Certify Question of State Law (ECF No. 7).

## BACKGROUND

This case is Mr. Rowe's third lawsuit filed against his former employer, Defendant JPMorgan Chase Bank, N.A., related to an arbitration agreement he signed at the outset of his employment.

I.      **Prior Related Cases (Case Nos. 2:23-cv-1704 and 2:23-cv-3703)**

In Mr. Rowe's first Complaint—initially filed in the Franklin County Court of Common Pleas, but later removed to this Court—he alleged that his Seventh Amendment right to a trial by jury was violated when Defendant JPMorgan Chase & Company forced him to sign an arbitration agreement. ("First Action," Case No. 2:23-cv-1704, ECF No. 3, ¶¶ 12, 14–18.) Mr.

Rowe claimed to have witnessed criminal activities including "fraud" and "data fabrication," and other misconduct during his employment with JPMorgan Chase & Company. (*Id.* ¶¶ 6–10.) JPMorgan Chase Bank, N.A. ("JPMorgan") removed the First Action to this Court and clarified that Mr. Rowe had incorrectly named JP Morgan Chase & Company as the Defendant, and JPMorgan is the proper entity to be sued. (First Action, ECF No. 1.)

In his second lawsuit, Mr. Rowe sued JPMorgan based on similar factual allegations, but added new claims including conspiracy, assault, negligence, and trespass to chattels. ("Second Action," Case No. 2:23-cv-3703, ECF No. 2.) JPMorgan removed the Second Action from the Franklin County Court of Common Pleas to this Court, too. (Second Action, ECF No. 1.) Because both Actions shared common questions of law and fact, the Court ordered that the First and Second Actions be consolidated. (First Action, ECF No. 28; Second Action, ECF No. 10.)

JPMorgan moved to compel arbitration based on the arbitration agreement signed by Mr. Rowe during his employment. (First Action, ECF No. 5.) The Court granted that motion, ordered the parties to proceed to arbitration, and dismissed both cases without prejudice. (First Action, ECF No. 29.) Mr. Rowe then appealed the Court's Order. (First Action, ECF No. 31; *Antar Rowe v. JPMorgan Chase & Co.*, Sixth Circuit Case No. 24-3018.) Before he received a decision on appeal, Mr. Rowe filed a third action against JPMorgan.

## II.     The Third Action, This Case (Case No. 2:24-cv-554)

The instant case—the Third Action—originated in the Franklin County Court of Common Pleas on January 22, 2024. (ECF No. 1.) Mr. Rowe's Complaint asserts the following state-law claims against JPMorgan: (1) "fraud in factum," (2) "fraudulent inducement," (3) "undue influence," (4) "unconscionable contract," and (5) "unconstitutional contract" based on the Ohio Constitution. (ECF No. 2.) Mr. Rowe also moved for a preliminary injunction in

state court. (ECF No. 3.) JPMorgan removed the case to this Court on February 9, 2024, based on diversity jurisdiction. (ECF No. 1.) In its Notice of Removal, JPMorgan stated that Mr. Rowe is a citizen of Ohio; JPMorgan is a corporation headquartered in New York and incorporated in Delaware; and, for purposes of jurisdiction, Mr. Rowe's requested monetary recovery exceeds the jurisdictional requirement of $75,000, although JPMorgan denies that Mr. Rowe's claims have merit. (*Id.* PageID 3–4.)

Mr. Rowe filed a Motion to Remand on the same day this case was removed from state court. (ECF No. 4.) In response, JPMorgan stated that "[u]pon further investigation and review," it consented to Mr. Rowe's request to remand this matter to the Franklin County Court of Common Pleas. (ECF No. 9.) Mr. Rowe also moved this Court to certify the following question of state law to the Ohio Supreme Court: "Is a contract that enjoins, restricts, contravenes, oppresses, or otherwise infringes on rights protected by Article I § 1 – 22 of the States Constitution and Bill of Rights void *ab initio*?" (ECF No. 7.)

The Court stayed this case pending a decision from the Sixth Circuit on Mr. Rowe's appeal in the consolidated action. (ECF No. 12.) In staying the case, the Court held in abeyance Mr. Rowe's Motion for Remand (ECF No. 4), Motion for Preliminary Injunction (ECF No. 3), and Motion to Certify Question of State Law (ECF No. 7). (ECF No. 12, PageID 283.) The Court agreed to reactivate the Motions after the Sixth Circuit issued a decision and the stay was lifted. (*Id.*)

### III. The Sixth Circuit's Decision

In May 2025, the Sixth Circuit affirmed this Court's decision granting JPMorgan's motion to compel arbitration and dismissing Mr. Rowe's consolidated action. (First Action, ECF No. 41; *see also Rowe v. JPMorgan Chase & Co.*, No. 24-3018, 2025 WL 1859310 (6th Cir.

May 6, 2025).) On appeal, Mr. Rowe asserted that the Federal Arbitration Act, 9 U.S.C. § 2, *et seq.*, is unconstitutional because it infringes on his First Amendment right to petition the government for redress of grievances by filing a lawsuit. (First Action, ECF No. 41, PageID 488.) The Sixth Circuit held that Mr. Rowe's "First Amendment challenge lack[ed] merit." (*Id.*) By signing the arbitration agreement, he waived his right to litigate his claims against JPMorgan in court. (*Id.*)

**IV.     The Parties' Supplemental Briefs**

In October 2025, this Court lifted the stay and reactivated Mr. Rowe's Motion for Remand (ECF No. 4), Motion for Preliminary Injunction (ECF No. 3), and Motion to Certify Question of State Law (ECF No. 7). (ECF No. 18.) The Court ordered the Parties to file separate, simultaneous briefs updating the Court as to which, if any, of Mr. Rowe's Motions the Court needs to decide considering the Sixth Circuit's decision. (*Id.*)

In his supplemental brief, Mr. Rowe states that his Motion for Remand is the only proper motion for consideration at this time and reiterates his argument that JPMorgan is an Ohio entity, so the Parties are not diverse. (ECF No. 20.) In its supplemental brief, JPMorgan argues that Mr. Rowe's Motion for Preliminary Injunction and Motion to Certify Question of State Law should be denied and represented that, if this litigation continues, it "intends on seeking dismissal as the claims in the Third Action complaint must be arbitrated in accordance with the parties' offer of employment and because the claims are barred by the res judicata and/or collateral estoppel doctrine." (ECF No. 19, PageID 302–03.) As for remand, in a footnote, JPMorgan acknowledges that it is an Ohio company and that Mr. Rowe only asserted state-law claims against it. (*Id.* PageID 301, n.2.)

4

## ANALYSIS

As discussed above, this is Mr. Rowe's Third Action against his former employer, JPMorgan. Mr. Rowe's First and Second Actions asserted claims arising under federal and state law. (First Action, ECF No. 3; Second Action; ECF No. 2.) This Third Action, however, involves only state-law claims and is in federal court based on diversity jurisdiction. (ECF Nos. 1, 2.)

In its Notice of Removal filed in this case, JPMorgan stated that it is a corporation headquartered in the state of New York and incorporated in the state of Delaware. (ECF No. 1, PageID 3.) Mr. Rowe moved to remand this action to state court, arguing that JPMorgan lists its main office and principal place of business as Columbus, Ohio with the U.S. Securities Exchange Commission and the Federal Deposit Insurance Corporation. (ECF No. 4, PageID 255.) In response to Mr. Rowe's Motion, JPMorgan stated that, "[u]pon further investigation and review," it consented to Mr. Rowe's request to remand this matter to the Franklin County Court of Common Pleas, without further explanation. (ECF No. 9.)

The Court noted that, although JPMorgan does not oppose Mr. Rowe's Motion to Remand, the fact that "the parties have consented to remand, standing alone, is not enough to grant [a motion to remand]; remand must be proper under [28 U.S.C.] § 1447(c)." (ECF No. 18, PageID 299 (quoting *Howell v. Fastbuy, Inc.*, No. 2:22-cv-2377, 2023 WL 2483766, at *2 (S.D. Ohio Feb. 21, 2023)).) Then, in its supplemental brief, JPMorgan explained that it "initially assumed that this matter was related to the Consolidated Action and, therefore, removed the case

to this Court." (ECF No. 19, PageID 301, n.2.) But JPMorgan acknowledged that it is an Ohio company. (*Id.* PageID 301.)

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). 28 U.S.C. § 1441(a) permits a defendant to remove a civil case from state court to federal court if the case could have been brought in federal court initially. The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction. *See, e.g.*, *Fugman v. Kang*, No. 1:24-cv-697, 2024 WL 5145526, at *1 (S.D. Ohio Dec. 17, 2024) (McFarland, J.) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000)). A federal court has diversity jurisdiction where the suit is between "citizens of different states" and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Courts construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand." *See, e.g.*, *Fugman*, 2024 WL 5145526, at *1 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999)).

Here, JPMorgan acknowledges that both it and Mr. Rowe are citizens of Ohio. (ECF No. 1, PageID 3 ("Plaintiff is a citizen of Ohio according to the address provided on the Complaint (1410 Brookforest Drive, Columbus, Ohio 43204) and based on Defendant's knowledge."); ECF No. 19, PageID 300–01 (stating JPMorgan is an Ohio company).) Although the Notice of Removal stated that JPMorgan is headquartered in New York and incorporated in Delaware (ECF No. 1, PageID 3), JPMorgan's subsequent filing states that it is an Ohio company (ECF No. 19, PageID 301). JPMorgan has not explicitly stated that diversity jurisdiction is lacking here, but given (1) JPMorgan's acknowledgement that it is an Ohio company, (2) the fact that JPMorgan bears the burden of proving the requirements of diversity jurisdiction, and (3) this

6

Court's obligation to construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand, the Court finds that remand is proper, here. Mr. Rowe does not assert federal claims in this action and JPMorgan has not established that the Parties are diverse, so the Court does not have subject matter jurisdiction.

**CONCLUSION**

For the reasons above, the Court **GRANTS** (ECF No. 4) Mr. Rowe's Motion to Remand to State Court, **DENIES AS MOOT** (ECF No. 3) Mr. Rowe's Motion for Preliminary Injunction, and **DENIES AS MOOT** (ECF No. 7) Mr. Rowe's Motion to Certify Question of State Law.

The Clerk is **DIRECTED** to remand this case to the Franklin County Court of Common Pleas and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

**4/21/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**